No. 25,139.

AIMEE R. PERKINS et al., *Appellants,* v. THE CITIZENS STATE BANK,
*Appellee.*

### SYLLABUS BY THE COURT.

WARRANTY DEED—*Whether an Absolute Conveyance or a Mortgage to Secure
a Debt—A Question of Fact.* Whether or not a warranty deed with a sepa-
rate written contract to convey to the grantor on the payment of a stipu-
lated amount is given to secure the payment of an existing debt or is given
as an absolute conveyance of the property, is a question of fact to be de-
termined from the evidence; and a finding by the trial court that the deed
was an absolute conveyance, based on sufficient evidence, will not be dis-
turbed in this court.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed
December 6, 1924. Affirmed.

*Oscar E. Learnard,* of Lawrence, for the appellants.
*M. A. Gorrill,* of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to have a
deed conveying certain real property to the defendant declared a
mortgage, to have the mortgage canceled, and to compel the de-
fendant to convey the real property to the plaintiffs. Judgment
was rendered in favor of the defendant, and the plaintiffs appeal.

Aimee R. Perkins and O. E. Perkins, for the consideration of
one dollar executed a warranty deed conveying the real property in
controversy to the defendant. The deed was dated May 3, 1921,
and acknowledged May 6, 1921. The Citizens State Bank, for a
consideration of one dollar, agreed in writing that, upon a payment
of $1,000 on or before November 1, 1921, it would make a quit-
claim deed to Aimee R. Perkins conveying to her the real property
in controversy. Prior to that time, F. M. Perkins, who had been a
large stockholder in the Citizens State Bank, sold his stock to one
A. F. McClanahan and guaranteed the payment of all notes held
by the Citizens State Bank at the time of the sale of the stock.
Among the notes in the bank at that time was one signed by John
T. Constant for $1,000, secured by a mortgage on real property.
This note had been paid and was worthless. The contract by the
defendant to convey the land to Aimee R. Perkins provided that

on payment of $1,000 the Constant note and the mortgage securing it would be delivered to F. M. Perkins. The evidence of the plaintiffs tended to show that the warranty deed was given to secure the discharge of the obligation of F. M. Perkins arising out of the Constant note. The evidence of the defendant tended to show that it had refused to accept the deed except as an absolute conveyance of the property, that the deed had been given as an absolute conveyance, and that the obligation of F. M. Perkins to make good the Constant note had been canceled. The defendant had received $25 a month rent for the property.

The judgment contained the following:

"Whereupon defendants proceed to introduce their evidence, during which time the court indicated in open court what his holding or decision would have been if defendants had stood upon their demurrer, namely, that he would hold that the deed in question was absolute, and that the contract set out in plaintiffs' petition should be construed and adhered to in accordance with the provisions made therein, except that the plaintiffs should have a reasonable time in which to tender the defendants the sum of $1,000 mentioned in the contract, less the net proceeds of rents and profits collected by the defendants. . . . " '

"And now, on this 30th day of December, A.D. 1922, at a regular session of the November term of the district court, said cause comes on for further consideration by the court, the plaintiffs appearing by their attorney, O. E. Learnard, and the defendants by their attorney, M. A. Gorrill. Whereupon the court reannounces his decision heretofore made, and finds from the evidence that the plaintiff, Aimee R. Perkins, upon the payment by her to the Citizens State Bank at any time on or before May 1, 1923, the sum of $871.06, with interest at the rate of six per cent from this date, shall be entitled to a deed to the real estate in plaintiffs' petition described; and that upon the payment of said amount The Citizens State Bank should execute and deliver to the defendant, Aimee R. Perkins, a deed to said real estate."

The $871.06 was $1,000 less the amount of rents that had been received by the defendant.

The evidence of the plaintiffs tended to establish their contention, while the evidence of the defendant tended to sustain its position. The court found for the defendant. The complaint of the plaintiffs is in substance that the court should have found that the deed given was a mortgage. The court found otherwise, and his finding was sustained by evidence. Under numerous decisions of this court that finding is conclusive, and compels an affirmance of the judgment. The citation of authorities is unnecessary.

The judgment is affirmed.